IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA NELSON, as Parent, Natural Guardian )
And Next Friend of C.I.S., a Minor, Heir-at-Law of )
CHRISTOPHER SCOTT HAYS, deceased, and )
LARINDA HAYS, as Administrator and Heir-at-Law of )
CHRISTOPHER SCOTT HAYS, )
)
               Plaintiffs, )   Case No. 12-1419-JAR
)
vs. )
)
JOSE ACOSTA-CORRALES and )
DEANGELO BROTHERS, INC., )
)
               Defendants. )
_____ )

## AGREED PROTECTIVE ORDER

NOW, on this 8th day of April, 2013, this matter comes before the Court by agreement of the parties for entry of a Protective Order pursuant to Fed. R. Civ. P. 26(c). Plaintiff Amanda Nelson appears by and through her counsel of record, Stephen L. Brave of the Brave Law Firm, L.L.C. Plaintiff Larinda Hays appears by and through her counsel of record, Norman L. Kelly, Esq. of Norton, Wasserman, Jones & Kelly, L.L.C. Defendants appear by and through their counsel of record, Eldon L. Boisseau, of the Law Offices of Eldon L. Boisseau, L.L.C.

WHEREUPON, counsel for plaintiffs and defendants advise the Court that defendants are producing documents containing confidential information. To prevent confidential documents produced in this case from being disclosed beyond the parameters permitted in this Order, counsel for all parties agree that there should be limited disclosure of such documents and information. Counsel further agrees that by making these documents available for inspection, and by providing the information, the producing party is not waiving any claim of confidentiality,

privilege or work product.

## STATEMENT OF FACTS

This case arises from a motor vehicle accident on June 7, 2012 involving the defendant, Jose T. Acosta-Corrales, and the decedent, Christopher Scott Hays. The plaintiffs, Amanda Nelson and Larinda Hays, bring a survival claim and wrongful death claim against Jose T. Acosta-Corrales, and his employer, DeAngelo Brothers, Inc.

Given the nature of the Plaintiffs' claims, discovery in this case will involve disclosure of confidential/trade secret information. A request for production has already been made by Plaintiff Amanda Nelson for Jose Acosta-Corrales' personnel file from DeAngelo Brothers, Inc., a policy manual and a safety manual from DeAngelo Brothers, Inc. In light of the discovery already propounded and further discovery likely to be conducted, good cause exists for the issuance of a protective order in this case.

WHEREUPON, after considering the statements of counsel and their agreement herein, the Court finds that such a protective order should be issued.

IT IS THEREFORE BY THE COURT CONSIDERED, ORDERED, JUDGED AND DECREED:

1. Disclosure of Jose Acosta's DeAngelo Brothers, Inc. personnel file, DeAngelo Brothers, Inc. policy manual, and DeAngelo Brothers, Inc. safety manual is confidential and subject to this Order. For purposes of this Order, "Party" shall include the parties, their attorneys, and their attorneys' staff members.

2. Information disclosed subject to this Protective Order shall not, without prior approval of the disclosing party in writing, be disclosed in any manner by the receiving party to any natural person or legal entity other than the receiving

party's own agents and employees and consulting and/or retained experts.

3.  Each time the receiving party discloses to any natural person or legal entity, including its own agents and employees and consulting and retained experts, information subject to this Protective Order, it will inform the natural person or legal entity to whom the disclosure is made that the information is subject to this Order, and it will obtain the agreement, in writing, of that natural person or legal entity to be bound to the terms of this Order.

4.  At the conclusion of this case, whether by settlement, judgment or other final order, all documents subject to this Order received in paper form shall be returned to the party which originally disclosed them, along with copies of all written agreements obtained pursuant to the provisions of paragraph 3 of this Order.

5.  At the conclusion of this case, whether by settlement, judgment or other final order, all documents subject to this Order received in electronic form shall be destroyed. A written confirmation that the designated documents have been permanently deleted must be sent to the party which originally disclosed them, along with copies of all written agreements obtained pursuant to the provisions of paragraph 3 of this Order.

6.  Any information received subject to Protective Order may be used for the prosecution or defense of the above-styled action only, and may not be used or revealed in any manner in any other contemporaneous or future action.

7.  Notwithstanding any other provisions of this Order, confidential documents may be used as exhibits during depositions in this case, provided, however, the reporter shall be instructed not to furnish copies of any such material or disclose

its contents to any person other than counsel for the respective parties. To the extent that the transcript of any deposition, or exhibit thereto, incorporates information from a confidential document, such transcript or exhibit shall be subject to the terms of this Protective Order.

8. Counsel's agreement to this Order shall not be construed as a waiver of objections or as requiring the parties to produce such documents. This Order is intended to apply only to those documents which are required to be or are actually produced. By producing such documents and information for inspection, the parties have not waived any claim of confidentiality, the attorney-client privilege, work product protection, or any other privilege associated with any of such documents or with any communications between counsel and the parties or their employees or agents concerning the subject matter of this litigation.

9. The provisions of this Order shall not terminate at the conclusion of this action. Unless otherwise agreed upon by the parties or otherwise determined by later order of this Court upon conclusion of this action, all documents covered by this Protective Order shall be returned to the party producing the documents or destroyed pursuant to the provisions of paragraphs 4 and 5 of this Order. Copies of these documents provided to experts, consultants or the law firm representing a party shall be returned to the attorneys for the producing party or deleted permanently with written confirmation to the producing party at the conclusion of this action and no copies of such documents shall be retained by such experts, consultants or others.

10. This Court shall retain jurisdiction to make amendments, modifications and

additions to this Order as the Court may from time to time deem appropriate either on motion of the parties or on its own motion, as the case may be.

**IT IS SO ORDERED.**

Dated April 8, 2013, at Kansas City, Kansas.

                              s/ James P. O'Hara
                              James P. O'Hara
                              U.S. Magistrate Judge

PREPARED BY:

By:   s/Eldon L. Boisseau

Eldon L. Boisseau, SC #08022
Attorney for Defendants
O.W. Garvey Building
200 W. Douglas, Suite 101
Wichita, KS 67202
(316) 613-2800 Telephone
(316) 613-2801 Facsimile
Email: Eldon@boisseau.com

APPROVED BY:

By:   s/Stephen L. Brave

Stephen L. Brave, SC #20025
Attorney for Plaintiff Amanda Nelson
3500 N. Rock Road, Building 100
Wichita, KS 67226
(316) 636-9500
(316) 636-9550 (fax)
sbrave@bravelawfirm.com

By:   s/Norman R. Kelly

Norman R. Kelly, SC #10639
Attorney for Plaintiff Larinda Hays
213 S. Santa Fe
P.O. Box 2388
Salina, KS  67402
(785) 827-3646
(785) 827-0538 (fax)
nrk@nwjklaw.com