UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA NELSON, et al.,

    Plaintiffs,

v.                                          Case No. 12-1419-JAR

JOSE T. ACOSTA-CORRALES and
DEANGELO BROTHERS, INC.,

    Defendants.

## ORDER

This action arises out of a motor vehicle accident that resulted in the death of Christopher Hays. Plaintiffs, heirs-at-law of the deceased, allege that the driver of one of the vehicles, defendant Jose Acosta-Corrales, was negligent and acting in the course and scope of his employment with defendant DeAngelo Brothers, Inc. at the time of the accident. Plaintiffs bring negligence claims against both defendants. Plaintiff Amanda Nelson[1] has filed a motion for an order compelling defendant[2] to sign an authorization to obtain his employment information from the Social Security Administration **(doc. 85).** This information cannot be obtained pursuant to a subpoena.[3] Defendant argues plaintiff's motion should be denied because the information she seeks is irrelevant. For the reasons discussed below, plaintiff's motion is granted.

---

[1] Reference in this order to "plaintiff" is only to plaintiff Amanda Nelson.

[2] Reference in this order to "defendant" is only to defendant Jose T. Acosta-Corrales.

[3] *See* 20 C.F.R. § 401.180.

Plaintiff served interrogatory requests upon defendant, asking him to identify his employment history for the past twenty years.[4] Defendant identified his employment history from 1982 until 2005.[5] Subsequently, plaintiff asked defendant questions about his employment history during his deposition.[6] Defendant identified employment information that was not previously provided in response to the interrogatory.[7] Additionally, defendant was unable to identify some of his past employment information.[8] Accordingly, plaintiff filed the instant motion to compel defendant to sign an authorization for detailed earnings information from the Social Security Administration to obtain a complete and accurate account of his employment history.

Plaintiff argues defendant's employment history is relevant to determine: 1) whether defendant was reprimanded or terminated from any of his jobs; 2) whether defendant received any type of safety training on these jobs; 3) whether defendant drove a commercial motor vehicle and, if so, what investigation was done prior to hiring him; 4) whether defendant had any accidents on the job and who his supervisor was; 5) whether an investigation was done prior to hiring defendant; and 6) what address defendant claimed he lived at when he was hired.

---

[4] *See* Doc. 85-2.

[5] *Id.*

[6] *See* Docs. 85-3 and 95-1.

[7] Doc. 95-1.

[8] Doc. 85-3.

Additionally, plaintiff asserts that defendant was operating a commercial motor vehicle (CMV) at the time of the accident. Prior to hiring an employee to drive a CMV, an employer must complete the following investigative steps set forth in 49 C.F.R. § 383.35: 1) obtain a list of the names and addresses of the applicant's previous employers that required him to operate a CMV; 2) obtain the dates the applicant was employed by those employers; and 3) obtain the reason for leaving that employment. Plaintiff argues that, to show defendant DeAngelo Brothers, Inc. failed to comply with this regulation and others, it is necessary to know defendant's full employment history.

Defendant responds that plaintiff's motion should be denied because plaintiff "already conducted discovery on defendant Acosta's previous employment record going back to 1982 in the form of interrogatories and questions during his deposition." Defendant also disputes the relevancy of this information. Defendant argues that plaintiff has "made no showing that obtaining additional information concerning Mr. Acosta's employment history is necessary or would be relevant." In addition, defendant argues the information sought is irrelevant because plaintiff was not required to have a commercial driver's license; therefore, he was not subject to the same rules and regulations as a commercial driver.

Under Fed. R. Civ. P. 26(b)(1), discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed for pretrial discovery purposes. "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the

discovery of admissible evidence."[9]  At least as a general proposition then, "[a] request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of that party."[10]

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[11]

The past employment information of defendant appears to be relevant.  Defendant may have been operating a commercial motor vehicle at the time of the accident.[12]  Pursuant to 49 C.F.R. § 383.35, employers are required to request employment information from all persons applying for employment as a commercial motor vehicle operator for the ten years preceding the date an application is submitted.  Additionally, this information may have bearing on plaintiff's claim that defendant was negligent in the manner that it "employed, retained, trained, monitored, and supervised its employee."[13]

---

[9] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

[10] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (internal quotations and citations omitted).

[11] *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[12] *See* 49 U.S.C. § 31132(1)(A) (defining a CMV, in part, as a vehicle with a weight rating or gross vehicle weight of at least 10,001 pounds, whichever is greater); *see also* doc. 95-2 at 6 (identifying the actual weight of the vehicle in question as 19,000 pounds).

[13] Doc. 1 at 4.

Because the discovery sought appears relevant on its face, it is defendant's burden to establish lack of relevance. Defendant fails to meet his burden. Defendant argues the information is irrelevant because he was not required to have a commercial driver's license. However, plaintiff established that certain regulations apply to employers of CMV drivers and defendant may have been driving a CMV at the time of the accident while under the employment of DeAngelo Brothers, Inc.

Defendant also argues this information is irrelevant because driving was not part of his previous jobs. However, his application with DeAngelo Brothers, Inc. states otherwise.[14]

Finally, defendant argues the information sought is irrelevant because it has already been provided to plaintiff in his answer to an interrogatory and during his deposition. Defendant did respond to interrogatories and answer questions during his deposition but his answer to his interrogatory was incomplete and his answers during his deposition were confusing. Defendant explains that he has a language barrier and was having difficulty understanding and answering many of the deposition questions. Plaintiff suggests defendant may have simply forgotten some of his prior employers. Regardless of the reason, this information appears relevant and has not been previously provided to plaintiff in a clear, complete, and consistent manner.

The issue remains as to whether defendant's earnings history for the past twenty years is relevant. Plaintiff makes no argument as to why she needs this information for

---

[14] Doc. 96-2 at 2.

the past twenty years. Defendant asserts that even if he had been a commercial driver for DeAngelo Brothers, Inc., the duty of his employer to investigate his background as a commercial driver would have only gone back ten years. The court agrees with defendant. Defendant started working for DeAngelo Brothers, Inc. in 2005. The accident occurred in 2012. Therefore, only his employment information from 1995 to 2012 is relevant.

Defendant also argues that the documents plaintiff seeks are not in his control. Defendant asserts that the documents plaintiff seeks are government documents that have never been in his care, custody, or control. Plaintiff argues that a "party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents."[15]

The court may order a party to sign a release for his Social Security records.[16] Federal district courts have authority to order defendants to request release of their records from parties maintaining them so defendants can comply with discovery obligations.[17] In light of defendant's inability to recall his past employers and the dates of his employment, defendant is ordered to sign the release and return it to plaintiff's

---

[15] Doc. 85 (citing *DirecTV, Inc. v. Hess*, No. 04-2233, 2005 WL 375668, at *1 (D. Kan. Feb. 9, 2005).

[16] *See Bradley v. Val-Mejias*, No. 00-2395, 2001 WL 1249339, at *8 (D. Kan. Oct. 9, 2001); *see also Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (district court has authority to order plaintiff to provide consent for release of Social Security records).

[17] *Rodriguez*, 243 F.3d at 1230 (citing *United States ex rel. Woodard v. Tynan*, 776 F.2d 250, 252 (10th Cir. 1985) (en banc)).

counsel within five days of the date of filing of this order. Plaintiff has volunteered to pay the necessary fee for the information and provide a copy, free of charge, to every other party in the case.

In consideration of the foregoing, plaintiff's motion to compel defendant to sign an authorization allowing all parties to obtain his certified, detailed earnings information from the Social Security Administration **(doc. 85)** is granted. Defendant shall sign and return the release to plaintiff's counsel within five days of filing of this order. Defendant need only authorize access to his records for the years 1995-2012. Plaintiff shall pay the necessary fee for the information and provide a copy, free of charge, to every other party in the case.

IT IS SO ORDERED.

Dated September 19, 2013 at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge