IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA NELSON, et al., )
 )
          Plaintiffs, )
 )
v. ) Case No. 12-1419-JAR
 )
JOSE T. ACOSTA-CORRALES, and )
DEANGELO BROTHERS, INC., )
 )
          Defendants. )

# ORDER

This action arises from a motor-vehicle accident that resulted in the death of Christopher Scott Hayes. Discovery has closed and a final pretrial conference is scheduled for January 13, 2014. Before the court is plaintiffs' motion for reconsideration of the court's December 5, 2013 order[1] denying plaintiffs' request for leave to file a third amended complaint **(ECF doc. 116)**. Because plaintiffs have demonstrated no basis for reconsideration, the motion is denied.

Plaintiffs seek reconsideration under D. Kan. Rule 7.3(b)(3), which permits the filing of a motion to reconsider based on "the need to correct clear error or prevent manifest injustice." Whether to grant or deny a motion to reconsider is committed to the court's discretion.[2] A motion for reconsideration is appropriate if the court "has obviously

---

[1] ECF doc. 114.

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir. 1997); *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010).

misapprehended a party's position on the facts or the law."[3]  However, a motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed."[4]  "Such motions are not appropriate if [the] movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[5]

Plaintiffs assert that the court's December 5, 2013 order appears to preclude them from seeking statutory damages under K.S.A. 66-176.  According to plaintiffs, the court reached this conclusion based on plaintiffs' "clear error" in characterizing their proposed addition of statutory damages as a "new claim."  Plaintiffs state that, in actuality, they have always "pursued a claim for civil penalties and attorneys' fees . . . based on the allegation that the Defendants violated K.S.A. 66-1,129."[6]

K.S.A. 66-1,129 is Kansas's "catch all" statute prohibiting the operation of motor vehicles by public motor carriers of property[7] (among others) "except within the provisions of the rules and regulations adopted by the [state corporation] commission."  K.S.A. 66-176

---

[3]*Hammond v. City of Junction City, Kan.*, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (quoting *Sithon Mar. Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998)).

[4]*In re Motor Fuel*, 707 F. Supp. 2d at 1166.

[5]*Id.*

[6]ECF doc. 116 at 2.

[7]A "public motor carrier of property" is defined as "any person who undertakes for hire to transport by commercial motor vehicle, from place to place, the property other than household goods of others who may choose to employ or contract with the motor carrier." K.S.A. 66-1,108(m).

is the penalty provision, which provides that "[a]ny . . . common carrier which violates any of the provisions of law for the regulation of . . . common carriers shall forfeit, for every offense, to the person . . . aggrieved thereby, the actual damages sustained by the party aggrieved, together with the costs of suit and reasonable attorney fees."

Plaintiffs are correct that in plaintiff Amanda Nelson's complaint,[8] amended complaint,[9] and second amended complaint[10] it was alleged that defendant *Jose T. Acosta-Corrales* was negligent per se for violating K.S.A. 66-1,129.[11] However, plaintiffs have never before alleged, in any version of their complaints, that defendant *DeAngelo Brothers, Inc.* violated K.S.A. 66-1,129 or any other Kansas statute or regulation for common carriers that might give rise to recovery under K.S.A. 66-176. Rather, plaintiffs made the general allegation that "DeAngelo Brothers, Inc. was independently negligent in the manner that it employed, retained, trained, monitored, and supervised its employee, Defendant Acosta-Corrales."[12] Such an allegation cannot reasonably be read to assert statutory violations—amounting to negligence per se—against DeAngelo Brothers.[13] It was not until

---

[8]ECF doc. 1.

[9]ECF doc. 5.

[10]ECF doc. 20.

[11]*See, e.g., id.* at ¶ 18(b).

[12]*See, e.g., id.* at ¶ 21.

[13]*See Hayes Sight & Sound, Inc. v. ONEOK, Inc.*, 136 P.3d 428, 457 (Kan. 2006) (distinguishing a case "predicated on negligence" from one "on violations of the provision of law" discussed in K.S.A. 66-176).

plaintiffs' proposed third amended complaint that plaintiffs set out allegations of regulatory violations by DeAngelo Brothers[14] and a corresponding section seeking civil penalties under K.S.A. 66-176 from DeAngelo Brothers.[15]

Thus, the court concludes that its December 5, 2013 order properly reflected the state of the record, i.e., that plaintiffs had inexplicably delayed "asserting a statutory claim based on regulatory violations" against DeAngelo Brothers.[16] The court did not misapprehend plaintiffs' position in seeking leave to file a third amended complaint—regardless of how plaintiffs framed their K.S.A. 66-176 discussion. The court rejects plaintiffs' newly asserted (and erroneous) argument that they previously alleged that DeAngelo Brothers violated K.S.A. 66-1,129 and that their proposed amended complaint simply sought to specify the statutory provision for recovery.[17]

Plaintiffs' motion for reconsideration of the court's order denying them leave to file a third amended complaint is denied.

IT IS SO ORDERED.

---

[14]ECF doc. 107-1 at ¶ 28(a)–(f).

[15]*Id.* at ¶¶ 49–52.

[16]ECF doc. 114 at 5.

[17]As noted above, the current version of plaintiffs' complaint does allege that Acosta-Corrales violated KSA 66-1,129. ECF doc. 20 at ¶ 18(b). It also seeks "civil penalties" and "attorneys' fees." *Id.* at 5. Thus, plaintiffs potentially may argue that they should be entitled to seek K.S.A. 66-176 penalties against Acosta-Corrales. That question is not before the court, however, as plaintiffs' proposed amended complaint did not address the applicability of K.S.A. 66-176 to Acosta-Corrales.

Dated January 2, 2013, at Kansas City, Kansas.

                                          <u>s/ James P. O'Hara</u>
                                          James P. O'Hara
                                          U.S. Magistrate Judge