IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMANDA NELSON, et al.,          )
                                )
       Plaintiffs,              )
                                )
v.                              )
                                )   No. 12-1419-JAR-JPO
JOSE T. ACOSTA-CORRALES, et al., )
                                )
       Defendants.              )
_____)

**MEMORANDUM AND ORDER**

This action arises out of a motor vehicle accident that resulted in the death of Christopher Hays ("Hays"). Plaintiff Larinda Hays, the personal representative of Hays' estate, and Hays' other heirs-at-law, bring survival, wrongful death and negligence claims against Defendant Jose T. Acosta-Corrales, the driver of the other vehicle involved in the accident, and DeAngelo Brothers, Inc., Acosta's employer. This matter comes before the Court on Defendants' motions for partial summary judgment (Docs. 80, 128) on the survival claim of Plaintiff Larinda Hays, the personal representative of Hays' estate ("Plaintiff"). Defendants claim there exists no genuine issue of material fact as to the deceased's unconscious condition during the time between the accident and Hays' death, and that therefore Plaintiff's survival claim is barred under Kansas law. The motions are fully briefed and the Court is prepared to rule. For the reasons stated below, the Court agrees that Plaintiff cannot recover for post-impact pain and suffering under the survival statute and therefore grants Defendants' first motion for partial summary judgment (Doc. 80). The Court further finds that to the extent Defendants' second motion for partial summary judgment on the survival claim seeks dismissal as to recovery for post-impact pain and suffering, it is likewise granted as to that claim. However, because the

Court finds that the estate may recover for hospital expenses and personal property damage to Hays' motorcycle that accrued before his death, the Court denies the second motion for partial summary judgment as to those survivor claims. Accordingly, the Court grants in part and denies in part Defendants' second motion for partial summary judgment on the survival claim (Doc. 128).

## I. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[3] A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim."[4] An issue of fact is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[5]

The moving party initially must show the absence of a genuine issue of material fact and

---

[1] Fed. R. Civ. P. 56(a).

[2] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[3] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[4] *Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[5] *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

entitlement to judgment as a matter of law.[6] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[7]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8] The nonmoving party may not simply rest upon her pleadings to satisfy her burden.[9] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10] To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[11] The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation.[12]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of

---

[6] *Spaulding v. United Trasp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7] *Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[8] *Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[9] *Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[10] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[11] *Adams*, 233 F.3d at 1246.

[12] *Id.*; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

every action."[13] In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[14]

## II. The Uncontroverted Facts

The following material facts are uncontroverted by the parties, and all reasonable inferences are drawn in favor of Plaintiff. On or about June 7, 2012, Christopher Hays, while riding on a motorcycle, collided with a truck driven by Defendant Jose Acosta-Corrales. As a result of this collision, Hays sustained significant life threatening and disabling burns, fractures, and bodily injuries. Following the accident, emergency responders arrived on the scene and Hays was taken by ambulance to a hospital in Salina, Kansas, and then transported to Via Christi Memorial Hospital in Wichita, Kansas. Hays died at Via Christi on June 11, 2012, as a result of the injuries he sustained in the accident.

At the time of his death, Plaintiff Larinda Hays was Hays' spouse and heir at law. Plaintiff C.I.H. was Hays' minor son and is an heir at law. On April 2, 2013, Larinda Hays was appointed as Administrator In the Matter of the Estate of Christopher Scott Hays, Case No. 12 PR 182, in the Saline County District Court, Salina, Kansas.

## III. Discussion

Under Kansas law there are two different causes of action that may arise when a person's death is allegedly caused by the negligence of another: a wrongful death action and a survival

---

[13] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[14] *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

action.[15] A wrongful death claim is based upon any loss suffered by all heirs after the decedent's death.[16] A survival action allows the personal representative of the decedent's estate to recover damages accrued by the injured party between the time of injury and death, including pain and suffering experienced by the injured party between the time of injury and the time of death.[17] The instant motions pertain only to the survival claim asserted by Larinda Hays, in her capacity as the administrator of the estate. The Pretrial Order states that the estate seeks damages on the survival claim for "pain and suffering, medical benefits, property damages, expenses, and/or a survival action, pursuant to K.S.A. 1801."[18] Defendants' first motion for summary judgment argues that pain and suffering damages are unavailable to the estate as a matter of law. Defendants' second motion argues that summary judgment should be granted as to any other damages asserted under the survival statute.

### A. Pain and Suffering

Kansas follows the majority rule that damages are recoverable only for pain and suffering consciously experienced.[19] Although the conscious experience of pain and suffering may be inferred in certain situations—like in a swimming pool drowning accident because of the time between the victim's falling into the water and the actual drowning—such an inference is impermissible in traumatic accidents like car collisions, where there was sufficient impact to

---

[15] *Marler v. Hiebert*, 960 F. Supp. 253, 254 (D. Kan. 1997).

[16] K.S.A. § 60-1902; *see also Marler*, 960 F. Supp. at 254.

[17] K.S.A. § 60-1801; *see also Mason v. Gerin Corp.*, 647 P.2d 1340, 1343 (Kan. 1982).

[18] Doc. 123 at 22–23.

[19] *Gregory v. Carey*, 791 P.2d 1329, 1333 (Kan. 1990).

render a victim immediately unconscious.[20] Likewise, evidence merely showing the deceased's vital functions continued for some period of time after the accident is not enough for pain and suffering damages under Kansas's survival statute.[21] Instead, evidence must exist showing that a deceased *consciously* suffered in the time between the trauma and death; when the evidence is questionable, "in those instances where the courts found the decedent may have experienced conscious pain and suffering, there was emphasis placed upon the fact that the decedent moved or made sounds *in response to questioning or other statements*."[22]

As applied to the instant matter, summary judgment in favor of Defendants will be appropriate if there exists no genuine question of material fact that the deceased did not consciously experience pain and suffering at any point between the collision and his death. In support of their motion, Defendants point to medical documentation and an EMT's statements, all of which show that the deceased was never conscious or responsive to pain or outside stimuli between the collision and his death.[23]

Plaintiff argues that Defendants' proffered evidence only reveals what happened beginning six minutes after the accident occurred. Prior to that time, Plaintiff claims that Karen

---

[20]*Cochrane v. Schneider Nat'l Carriers, Inc.*, 968 F. Supp. 613, 614 (D. Kan. 1997).

[21]*Fanning v. Sitton Motor Lines*, 695 F. Supp. 2d 1156, 1160 (D. Kan. 2010) (stating there must be evidence the victim had "exhibited some cognitive awareness" between the time of trauma and death).

[22]*Id.* at 1161 (emphasis added).

[23]*See* Doc. 81, Ex. A, Altman Dep. 14:7–13 (deceased gave no response to painful or verbal stimuli); 16:17–22 (deceased lacked a gag reflex at the accident scene); 16:23–25, 17:1–20 (deceased scored a 3 on the Glasgow scale, indicating that he showed no eye, verbal, or motor responses); Doc. 81, Ex. B, EMS Rep. (showing deceased's lack of consciousness consistent with EMT deposition); Doc. 81, Ex. C, ER Rep. (listing deceased as "comatose" and scoring a 3 on the Glasgow Scale); Doc. 81, Ex. D, Hospital Death Summ. Rep. (showing deceased unconscious for entire period while at hospital).

Laas witnessed the deceased "moaning" before the EMT arrived on the scene.[24] Laas testified in her deposition that she was one of the first witnesses at the scene of the accident, and was in close proximity to Hays.[25] Laas initially testified that Hays was unconscious at all times she was around him, but when specifically questioned as to whether she heard him "moaning," she responded: "Yes."[26] On redirect examination by Defendants' attorney, Laas stated:

> MR. BOISSEAU: . . . you were asked some questions about being near Mr. Hays and the word moaning was used and you also described it as gasping. Is this the sound you're trying to describe for us as he's trying to breathe?
> MS. LAAS: Yes.
> MR. BOISSEAU: Is that the sound?
> MS LAAS: Yes.
> MR. BOISSEAU: And then you told me, I think, before that any time you were around it was your judgment he was unconscious but he was just trying to breathe, making this noise trying to breathe?
> MS. LAAS: Yes.[27]

Viewed in the light most favorable to the non-moving party, this discrepancy in Laas' testimony, along with the other evidence of Hays' lack of consciousness, generates a genuine question of fact as to whether Hays was moaning immediately following the accident. It would be reasonable for a juror to conclude, after hearing this testimony, that Hays was moaning. But the standard is not that any genuine question of fact exists. The question of fact must also be material; that is, the particular question of fact must be "essential" to the disposition of the issue

---

[24]Doc. 86.

[25]*Id.*

[26]Doc. 97, Ex. 3, Laas Dep. 60:17–24.

[27]Doc. 97, Ex. 5, Laas Dep. 69:9–21.

being examined for summary judgment purposes.[28] Here, the question of whether Hays was moaning, standing alone, is not a material fact necessary to determining whether Plaintiff can make a survival claim under Kansas law.

Plaintiff cites three cases decided by the Kansas Supreme Court as being factually similar to the instant matter, all of which found evidence that the respective victims cognitively experienced pain and suffering in the wake of an accident.[29] However, all three are readily distinguishable from this matter.

In *Pape v. Kansas Power & Light Co.*,[30] the victim was audibly moaning following the trauma and, "[i]n response to a request by Kathleen Pape to squeeze her hand if he understood her, Terry Pape [the victim] squeezed her hand."[31] Also, "[n]otes in the hospital record indicated that Terry Pape was very responsive to pain stimuli."[32] Here, none of the evidence submitted on summary judgment shows that Hays was responsive to pain following the accident, nor is there any evidence suggesting that the "moaning" was in response to any stimuli.

Similarly, in *Smith v. Printup*,[33] a witness stated the victim was "breathing erratically" following the accident, and that the victim "appeared to respond with a two-syllable sound and

---

[28]*Wright ex rel. Trust Co. of Kan.*, 259 F.3d at 1231–32.

[29]Doc. 86 at 6–7.

[30]647 P.2d 320 (Kan. 1982).

[31]*Id.* at 325.

[32]*Id.*

[33]866 P.2d 985 (Kan. 1993).

8

body movement to [the witness's] statement that help was on its way."[34] Again, there is no evidence that Hays was responsive to anything occurring around him during the time following the accident.

Finally, in *Folks v. Kansas Power & Light Co.*,[35] there was conflicting testimony about whether the victim was making incoherent noises following an accident. But there was also conflicting testimony about whether the victim was conscious at the time he made these sounds; the combination of these factual disputes made the question of pain and suffering one for the jury to decide.[36] Here, Laas, as well as other witnesses, all state that Hays was unconscious following the accident.

Kansas law requires that the decedent exhibited some level of cognitive awareness of pain following an accident, beyond just making sounds, to support a finding that he experienced conscious pain and suffering.[37] Therefore, when viewed in the light most favorable to Plaintiff, evidence that Hays was moaning following the accident, without evidence showing that the moaning was in response to some outside stimuli, or that Hays had some cognitive awareness of his injuries, is insufficient to support Plaintiff's survival claim for pain and suffering damages

---

[34]*Id.* at 1013.

[35]755 P.2d 1319 (Kan. 1988).

[36]*Id.* at 1330.

[37]*See Ingram v. Howard-Needles-Tammen & Bergendoff*, 672 P.2d 1083, 1084 (Kan. 1983) (finding that cries heard from a burning truck was sufficient evidence of pain and suffering); *Fudge v. City of Kansas City*, 720 P.2d 1093, 1103 (Kan. 1986) (holding that victim's pain and suffering was a controverted fact because some evidence showed the victim lapsed in and out of consciousness for ten minutes after the accident, and there was testimony that the victim squeezed a witness's hand three days after the accident) (overruled on other grounds); *see also Cochrane v. Schneider Nat'l Carriers, Inc.*, 968 F. Supp. 613, 617 (D. Kan. 1997) (stating that even the movement of the toes or legs of the decedent is not indicative of conscious pain and suffering when there is not evidence that the movement was in response to pain or touch).

9

under Kansas law. Therefore, Defendants' Motion for Partial Summary Judgment on the survival claim for pain and suffering damages must be granted.

  **B.**  **Hospital Expenses and Property Damage**

The parties dispute as to the subsequently filed motion for summary judgment on the survival claim, whether the estate may seek other forms of damages even if the Court rules that there is no genuine issue of material fact about whether the decedent suffered conscious pain and suffering. Plaintiff argues that she may recover damages for hospital expenses and property damages incurred before Hays' death even if Hays experienced no conscious pain and suffering. Defendants argue that no survival action may lie without a predicate finding of conscious pain and suffering. Defendants argue further that even if the estate could claim damages for hospital expenses, it is barred from doing so under probate law because the hospital never filed claims with the estate, as there is no evidence the estate owes any medical expenses. Defendants do not respond to Plaintiff's contention that she may recover damages in an amount representing the damage to Hays' motorcycle.

The Court agrees with Plaintiff that there is nothing in the statute or the case law that explicitly prohibits the estate from recovering hospital expenses or personal property damage incurred before Hays' death because he did not experience conscious pain and suffering. It is undisputed that Hays survived for several days after the accident and that the damage to his motorcycle therefore preceded his death. The case law suggests that any personal property damage to the motorcycle is appropriately recovered as a survival claim if it was incurred before

death.[38]  Moreover, the Court is not prepared to grant summary judgment on the issue of hospital expenses.  Defendants presented their argument and evidence relating the probate court's docket sheet for the first time in their reply brief.  Defendants may renew their argument either in a motion in limine before trial, or as a motion for judgment as a matter of law, and it will be decided after Plaintiff is given an opportunity to respond.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion for Partial Summary Judgment (Doc. 80) is GRANTED.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants' Motion for Summary Judgment on the Survival Action Filed by Plaintiff Larinda Hays (Doc. 128) is GRANTED IN PART AND DENIED IN PART.

**IT IS SO ORDERED.**

Dated: March 17, 2014

                                             S/ Julie A. Robinson
                                             JULIE A. ROBINSON
                                             UNITED STATES DISTRICT JUDGE

---

[38] K.S.A. § 60-1801; *Fogarty v. Campbell*, 640 F. Supp. 953, 964 (D. Kan. 1986) ("If the truck was damaged first, plaintiff is authorized by the survival statute to bring an action in her capacity as decedent's administratrix to recover for that damage.").